# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Tommy J. Graham, Jr., ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:14cv922 (CMH/IDD) |
| ) | |
| Warden, Wallens Ridge State Prison, ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION

Tommy J. Graham, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder, robbery and use of a firearm in the commission of a felony in the Circuit Court of the City of Virginia Beach. By an Order dated April 24, 2015, petitioner was granted leave to proceed in forma pauperis in the action, and respondent was directed to show cause within thirty (30) days why the petition should not be granted. (Dkt. 10) On May 26, 2015, respondent filed a Rule 5 Answer and a Motion to Dismiss, accompanied by a supporting brief.[1] Petitioner was provided with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and petitioner filed a reply on June 3, 2015. (Dkt. 18) After careful consideration, respondent's Motion to Dismiss will be granted, and the petition will be dismissed as barred by the statute of limitations.

---

[1] In his reply, petitioner argues that because the Order requiring a response was dated April 24, 2015 and the Motion to Dismiss was filed 32 days later, on May 26, 2015, the response was untimely and "should be looked upon as [a] stipulation to the facts and evidence in the writ." (Dkt. 18 at 1) In fact, because May 24, 2015 was a Sunday and Monday, May 25, 2015 was the legal holiday of Memorial Day, the response was filed timely. See Fed. R. Civ. P. 6(a)(1)(C).

## I. Background

On December 1, 2009, following a jury trial, petitioner was convicted of first degree murder and related offenses in the death of Paumer James, who succumbed to blunt force trauma after being struck by a motor vehicle and who also suffered two superficial gunshot wounds. Petitioner received a total sentence of 53 years incarceration.

Petitioner appealed the convictions, arguing that: (1) a motion to suppress was wrongly denied because his confession was the product of coercion; (2) the evidence was insufficient to sustain the convictions; and (3) his motion for a new trial was wrongly denied where he discovered evidence after trial that established that witness Nikita Wolff's testimony was not credible. Both a single judge and a three-judge panel of the Court of Appeals of Virginia denied his petition for appeal. Graham v. Commonwealth, R. No. 2838-09-1 (Va. Ct. App. June 9, 2010 and Sept. 29, 2010). The Supreme Court of Virginia refused further review on March 16, 2011. Graham v. Commonwealth, R. No. 102020 (Va. Mar. 16, 2011).

Petitioner next filed a petition for a state writ of habeas corpus in the trial court on May 27, 2011, which was dismissed with prejudice on October 3, 2011. Graham v. Warden, Sussex II State Prison, Case No. CL11-3833. In that proceeding, petitioner unsuccessfully argued *inter alia* that the Commonwealth knowingly presented perjured testimony by Nicki Wolff, who was coerced into testifying falsely by the police. A petition for appeal to the Supreme Court of Virginia was refused on May 7, 2012. Graham v. Everett, Warden of Sussex II, R. No. 111987 (May 7, 2012). This federal action for § 2254 relief ensued on July 8, 2014.[2]

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner indicates that he placed

## II. Analysis

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, petitioner's conviction became final on June 14, 2011, ninety days after the Supreme Court of Virginia refused his petition on direct appeal, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, petitioner filed his application for a state writ of habeas corpus on May 27, 2011, and its denial became final on May 7, 2012, when the Supreme Court of Virginia refused review. Thus, the limitations period was tolled until that date. However, the instant application for § 2254 relief was not filed until July 8, 2014, twenty-

---

the initial petition into the prison mailing system on July 8, 2014, Pet. at 16, and it was date-stamped as received by the Clerk a week later. Pet. at 1

3

six months later. Accordingly, the petition was filed fourteen months after the limitations period expired and is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

In his response to the Motion to Dismiss, petitioner argues that newly-discovered evidence in the form of an affidavit from trial witness Nikita Wolff demonstrates his actual innocence of the crimes of which he stands convicted. (Dkt. 18) The affidavit to which petitioner refers is appended as an exhibit to the initial petition. (Dkt. 1, Ex. 1) In it, Ms. Wolff states that she "has not been able to get a single night of sleep" since she testified against petitioner, and that she is providing the affidavit "on [her] own conscience;" she has not been threatened or given money. Ms. Wolff recounts that she "got into some trouble in VA beach [sic]" and when Detective Shattuck asked if she knew petitioner, she originally said no but later "went along with the detectives story and wrote a false statement against" petitioner after the detective told her she would never see her child again. Id. In fact, Ms. Wolff states, she had never met petitioner prior to pointing him out in the courtroom, and she "can't live with the fact that [she] took a son from her [sic] mother." Id. The affidavit is dated May 18, 2011.

In McQuiggin v. Perkins, 569 U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. As with an actual innocence claim in the context of other procedural defaults, however, the exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v.

4

Delo, 513 U.S. 298, 329 (1995). Here, petitioner's assertion of actual innocence does not warrant application of the McQuiggin exception because it is neither newly-discovered nor reliable. Aside from a cursory assertion that he did not receive Wolff's affidavit until after the trial and direct appeal had concluded (Dkt. 18 at 1-2), petitioner includes no explanation as to why the May, 2011 affidavit should now be considered "newly discovered." Indeed, the record makes it plain that petitioner knew of the affidavit by the time of his 2011 state habeas corpus proceeding, where the court rejected the same claim petitioner tries to resurrect here on the merits:

> Insofar as these allegations ... raise the newly-advanced contention that the Commonwealth knowingly presented the perjured testimony of Nikki Wolff, the Court rejects them on the merits. First, as Detective Shattuck's affidavit (which the Court finds is credible) demonstrates, the Commonwealth had no knowledge, actual or constructive, that Wolff's trial testimony was false. In this regard, the Court does not find credible Wolff's own affidavit in which she asserts that Detective Shattuck coerced her into giving false testimony against petitioner by threatening her with the loss of her child. Further, the Court holds that in view of the substantial independent proof of petitioner's guilt and the strong corroboration of Wolff's own trial testimony, no reasonable likelihood exists that he alleged false testimony could have affected the verdict at trial. See United States v. Bagley, 473 U.S. 667 (1985); Fitzgerald v. Bass, 6 Va. App. 38, 366 S.E.2d 615 (1988).

Graham v. Warden, Sussex II State Prison, Case No. CL11-3833, Order 10/31/2011 at 1-2. Because the foregoing order was the last reasoned state court decision on the issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Thus, petitioner's present contention that witness Wolff's allegedly perjured testimony resulted in his unjust conviction was rejected on the merits by the state court, and petitioner comes forward with nothing here to call that

determination into question. Cf. Schlup, 515 U.S. at 327; see also, U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice). Petitioner in this case further has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," such that equitable tolling might apply. Cf. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as time-barred. An appropriate Order shall issue.

Entered this 13th day of January 2016.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia